**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DIONICIO LUNA TORRES,**<br>**Petitioner,**<br>**v.**<br>**ERIK ROKOSKY, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–12606–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Dionicio Luna Torres's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Amended Petition). (ECF No. 11.)

1. Petitioner is a citizen of Mexico. (*Id.* ¶ 4.) He entered the United States at an unknown place and time. (ECF No. 13–1 p. 2.)

2. On or about January 6, 1999, petitioner pleaded guilty to fourth-degree assault on a law enforcement officer, N.J.S.A. 2C:12–1(B)(5)(a). (ECF No. 6–1 p. 6.)

3. He left the United States and returned shortly thereafter. (ECF No. 13–1 p. 2.) Border Patrol encountered petitioner on August 15, 2002 and processed him as a voluntary return. (*Id.*)

4. Immigration and Customs Enforcement (ICE) encountered petitioner again on July 20, 2015. (*Id.*) He was issued a Notice to Appear. (ECF No. 13–2 p. 2.)

5. ICE detained petitioner without bond on September 20, 2026 pursuant to 8 U.S.C. § 1226(c). (ECF No. 13–1 p. 4.)

6. The original petition was filed September 24, 2026. (ECF No. 1.) The court's self-executing order prohibiting transfer and ordering respondents to provide a bond hearing was issued that same day. (ECF No. 3.)

7. Respondents filed a letter on September 30, 2026 indicating that petitioner's detention was mandatory due to his criminal history. (ECF No. 6.)

8. On October 1, 2026, petitioner submitted a letter indicating that a custody redetermination hearing had taken place earlier that day and that petitioner was denied bond. (ECF No. 7.)

9. The Amended Petition followed on October 13, 2026. (ECF No. 11.)[1]

10. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11. At the October 1, 2026 hearing, the immigration judge concluded that petitioner was subject to mandatory detention due to his 1999 conviction. (ECF No. 13–5 p. 13 (citing 8 U.S.C. § 1226(c)(1)(A))).

12. I reject respondents' assertion that I have no jurisdiction to determine the applicability of § 1226(c). Section 1226(e) deprives district courts of jurisdiction over "[t]he Attorney General's *discretionary* judgment regarding the application of this section … ." (Emphasis added). The question before me now is a purely legal question regarding § 1226(c)'s applicability to petitioner's charges. If § 1226(c) governs, then petitioner's detention is mandatory. There is no exercise of discretion.

13. "[L]egal interpretation, ... has been, 'emphatically,' 'the province and duty of the judicial department' for at least 221 years." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Marbury v. Madison*, 1 Cranch 137, 177, 2 L. Ed. 60 (1803)). Accordingly, § 1226(e) does not remove my jurisdiction.

14. The Attorney General is required to "take into custody any individual who ... is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182 covers any noncitizen who has been "convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of ... a crime involving moral turpitude ... or an attempt or conspiracy to commit such a crime." 8 U.S.C. § 1182(a)(2)(A)(1).

15. "Although Congress has long used 'moral turpitude' in the immigration statutes, it has never defined that term." *Ndungu v. Att'y Gen.*

---

[1] Petitioner also filed a motion to "quash/compel/enforce" the self-executing order, requesting either release or a new bond hearing. (ECF No. 10.) I will deny that motion.

*United States*, 126 F.4th 150, 159 (3d Cir. 2025), *judgment entered*, No. 20–2562, 2025 WL 1256385 (3d Cir. Apr. 28, 2025).

16. "Whether [a noncitizen's] crime involves moral turpitude is determined by the criminal statute and the record of conviction, not the [noncitizen's] conduct." *Partyka v. Att'y Gen. of U.S.*, 417 F.3d 408, 411 (3d Cir. 2005). "Under this categorical approach, we read the applicable statute to ascertain the least culpable conduct necessary to sustain a conviction under the statute." *Id.*

17. The Third Circuit has already concluded "that moral turpitude does not inhere in the least culpable conduct under" N.J.S.A. 2C:12–1(B)(5)(a). *Id.* at 416.

18. Therefore, petitioner's conviction is not a "crime involving moral turpitude" under Third Circuit law. I will grant the Amended Petition to the extent that I conclude petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A).[2]

19. I must now consider petitioner's other argument that the immigration judge's alternative ruling—that petitioner had not established that he was not a flight risk or a danger—violated his due process rights because it relied "on the same unsupported premise … ." (ECF No. 11 ¶ 28.)

20. I lack jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but I may review whether the bond hearing was fundamentally unfair. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21–1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

21. Due process has three essential elements in a fundamentally fair bond hearing. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Id.*

22. Petitioner was represented by counsel who submitted evidence and made arguments before the immigration judge. The immigration judge asked if petitioner wanted a continuance to review the materials provided by the government, but counsel declined the opportunity.[3] (ECF No. 13–5 p. 7.) The immigration judge considered all the evidence and concluded that petitioner

---

[2] I make no findings and express no opinion on whether the conviction precludes petitioner from obtaining cancellation of removal as that is beyond my jurisdiction pursuant to § 2241.

[3] Counsel had difficulty viewing the government's submissions as they were newly retained. (ECF No. 13–5 p. 4.)

had not established that he was not a flight risk or a danger based on his criminal convictions, his three prior unlawful entries, and alleged inability to obtain cancellation of removal. (ECF No. 13–4 p. 4.) This satisfies the fundamental fairness inquiry.

23. Petitioner's argument that the immigration judge incorrectly determined that his conviction rendered him ineligible for cancellation of removal is beyond my review pursuant to § 2241.

Accordingly,

**IT IS** on this **9th** day of **November 2026** **ORDERED** that:

1. The Amended Petition at ECF No. 11 is **GRANTED** to the extent that 8 U.S.C. §1226(c)(1)(A) does not apply to petitioner's detention, and petitioner shall be considered to be detained pursuant to 8 U.S.C. § 1226(a). The Amended Petition is otherwise **DENIED**.

2. Respondents shall inform the appropriate officials of this ruling within 48 hours for purposes of updating petitioner's custody records.

3. The motion at ECF No. 10 is **DENIED**.

4. Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

5. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**